**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEREK M. DANFORD,

        Petitioner,                      Case. No. 2:23-cv-10890

v.                                          Hon. Nancy G. Edmunds

BARBRA STOREY, ACTING WARDEN,[1]

        Respondent.
_____/

**ORDER AND OPINION SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

      Petitioner Derek M. Danford, a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1998 convictions by a Wayne County Circuit Court jury on two counts of first-degree murder, Mich. Comp. Laws § 750.316(1)(a); one count of assault with intent to murder, Mich. Comp. Laws § 750.83; and the use of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b(1). Petitioner was sentenced to life without parole for the murder convictions, twenty to forty years for the assault charge, and two years for felony-firearm. Petitioner's sole claim for relief is that his attorney was constitutionally ineffective during the plea-bargaining process.

---

[1] The Court amends the caption to reflect the name of Petitioner's current warden. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

Because Petitioner has a motion for collateral relief pending in the state courts which challenges the same convictions at issue in the current case, the Court will dismiss the petition without prejudice. The Court will also deny a certificate of appealability and leave to proceed *in forma pauperis* on appeal. An explanation follows.

## I.   BACKGROUND

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals which raised a single issue: that the trial court erred in failing to suppress testimony involving a photographic array. *People v. Danford*, No. 214121, 2000 WL 33416888, at *1 (Mich. Ct. App. July 21, 2000). The court of appeals affirmed Petitioner's conviction, *id.*, and the Michigan Supreme Court denied leave to appeal. *People v. Danford*, 463 Mich. 975, 623 N.W.2d 598 (2001).

Petitioner filed a motion for relief from judgment in the trial court on October 3, 2018, in which he raised five claims of error. (ECF No. 1, PageID.3.) He argued 1, that he was denied due process because he was "tried while incompetent"; 2, his trial counsel was ineffective because of errors raising an alibi defense and 3, for failing to obtain an expert witness; 4, his sentence was disproportionate in violation of the Eighth Amendment; and 5, appellate counsel was ineffective for not raising meritorious issues. (*Id.*) The trial court denied relief on February 14, 2019. (*Id.*)

Petitioner sought leave to appeal the ruling in the state court of appeals. In lieu of granting leave, that court vacated the trial court's order and remanded the case because of errors in the lower court's legal reasoning. *People v. Danford*, No. 360142 (Mich. Ct. App. June 3, 2022) (unpublished order). According to the petition (*see* ECF No. 1, PageID.8) and the register of actions in Petitioner's criminal case, the trial court has not

yet acted on the remand order. *See* Register of Actions, *People v. Danford*, No. 98-000814-01-FC (Wayne Co. Cir. Ct.).[2] The motion thus remains pending in the state courts.

Petitioner reports that he filed another motion for relief from judgment which raised a single issue: "Trial counsel was Ineffective for failing to convey a plea offered by the prosecution." (ECF No. 1, PageID.4.) Petitioner filed the motion on December 21, 2020 (although he notes "some confusion as to the exact filing date . . ." (*id.* at PageID.4)), and the trial court denied relief on August 16, 2021. (*Id.* at PageID.12-16.) The court denied the motion because Petitioner met none of the exemptions to Michigan Court Rule 6.502(G)'s prohibition on successive motions for relief from judgment. (*Id.* at PageID.16.) Both the state court of appeals and supreme court denied Petitioner leave to appeal. *People v. Danford*, No. 360156 (Mich. Ct. App. June 13, 2022) (unpublished order), *lv. den.*, 980 N.W.2d 695 (Mich. 2022), *reconsid. den.*, 985 N.W.2d 517 (Mich. 2023).

On April 11, 2023, Petitioner filed this habeas petition which raises a single ground for relief: "Trial counsel was Ineffective during the plea-bargaining process where counsel did not convey a plea to his client, which was offered by prosecution." (ECF No. 1, PageID.5.) Petitioner explains he rejected a plea offer with sentences of eighteen and two years, because it required his cooperation and he refused to cooperate. (*Id.*) He asserts that the prosecution extended a second plea offer of twenty-five and two years'

---

[2] *Available at* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=248067 (last accessed May 25, 2023). "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n.3 (6th Cir.), *cert. granted*, 139 S. Ct. 451 (2018), *and aff'd on other grounds*, 139 S. Ct. 1826 (2019) (citation omitted). The Court notes that the register of actions lists multiple post-conviction motions, but it is only addressing the two Petitioner raised in his petition.

incarceration which did not require his cooperation, but he was never informed of this second offer. (*Id.* at PageID.6.) Petitioner acknowledges his petition is untimely, but explains why he should be entitled to equitable tolling of the deadline. (*Id.* at PageID.10.)

## II. **DISCUSSION**

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch*

*v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer,* 481 U.S. 129, 131, 134-35 (1987).

Petitioner has exhausted the single issue he raises in the petition now before the Court. However, as explained above, collateral review proceedings continue in the state courts involving the same convictions at issue here. Challenging the same state criminal convictions simultaneously in both state and federal court is "inappropriate." See, *e.g.*, *Brown v. Braman*, No. 2:21-CV-11330, 2021 WL 2646105, at *2 (E.D. Mich. June 28, 2021), *appeal dismissed*, No. 21-2915, 2021 WL 6102090 (6th Cir. Sept. 28, 2021) (dismissing habeas petition without prejudice because of "pending state collateral review proceedings which concern his current convictions and may affect his ability to obtain habeas relief . . .") (collecting cases).

In addition, although Petitioner's pending state collateral proceedings may not implicate the claim in his current petition, they may result in the reversal of his convictions on another ground, thereby mooting the federal questions presented here. *See Humphrey v. Scutt,* No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing cases); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000).

In further support for a dismissal without prejudice, the Court notes that if it were to rule on the current petition, Petitioner would likely be barred later from filing another habeas petition based on the pending state claims. Under the statute governing second or successive habeas petitions, 28 U.S.C. § 2244(b), later petitions which challenge the

5

same state court judgment must be dismissed unless they meet very narrow exemptions. § 2244(b)(2). Even if Petitioner met those exemptions, he would be required to move for the Sixth Circuit Court of Appeals to authorize him to file second habeas petition challenging his convictions on the grounds currently pending in state court. § 2244(b)(3). Dismissing the current petition without prejudice preserves Petitioner's ability to present a habeas petition containing *all* the claims he has identified and exhausted.

Finally, the Court concludes that dismissal is more appropriate than staying the petition. Staying a case and placing a petition in abeyance is permissible pending the exhaustion of unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, such relief is available only in "limited circumstances . . ." *Id.* at 275, 277. Stay and abeyance is generally reserved for those cases where the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is likely to expire before a habeas petitioner can exhaust additional claims in the state courts and then return to federal court with an amended petition. *See Moss v. Hofbauer,* No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007). Petitioner is not at risk for the expiration of the AEDPA deadline (rather, he will have to explain why equitable tolling applies to his circumstances when his petition finally is heard), so a stay is unnecessary here.

In sum, because Petitioner has pending state collateral review proceedings which concern his current convictions and may affect his ability to obtain habeas relief, he should complete the state court process before proceeding in federal court. Petitioner's interests and those of comity, efficiency, and justice are best served by a dismissal of the habeas petition without prejudice.

### III. CONCLUSION AND ORDER

For the reasons stated above, the habeas petition is **DISMISSED WITHOUT PREJUDICE**.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court DENIES a certificate of appealability.

The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court denies leave to proceed *in forma pauperis* on appeal.

Finally, the Clerk of Court is directed to correct the case caption as indicated above.

No part of this Order should be construed as a ruling on the merits of the petition or the timeliness of its filing.

SO ORDERED.

Dated: May 30, 2023

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE